This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41383

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**SPIRIT G.,**

Respondent-Appellant,

and

**IVY H.,**

Respondent.

**IN THE MATTER OF IRIS G. and SCARLETT G.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Bradford J. Dalley, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Richard J. Austin, P.C.
Richard J. Austin
Farmington, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Respondent, Spirit G. (Father), appealed following the termination of his parental rights as to Iris G. and Scarlett G. (Children). We previously issued a notice of proposed summary disposition in which we proposed to affirm the underlying decision. Father has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** We set forth the relevant background information and principles of law in the notice of proposed summary disposition. Rather than reiterating, we will focus on the content of the memorandum in opposition.

**{3}** Father continues to challenge the sufficiency of the evidence to establish the reasonableness of the Children, Youth & Families Department's (CYFD) efforts. As described in the notice of proposed summary disposition, CYFD created a treatment plan for Father and endeavored to engage Father in addressing his needs and parenting deficiencies. [CN 4] Father nonetheless was both uncommunicative and noncompliant, making no apparent progress in his treatment plan. [CN 5; 3 RP 590] We therefore conclude that CYFD's efforts were reasonable, particularly in light of Father's failure to participate. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶¶ 23, 28, 132 N.M. 299, 47 P.3d 859 (explaining that "[w]hat constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent," and that "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law").

**{4}** Father now additionally contends that CYFD failed to make reasonable efforts to place Children with their paternal grandmother in a permanent guardianship. [MIO 10] We note that the district court entered a finding that Father did not provide any names of fit and willing relatives for placement. [3 RP 78] Father has not contested that finding on appeal. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."). In addition, as noted in our proposed disposition, CYFD, at the outset of this case, received a report alleging that the paternal grandmother in question exhibited inappropriate behavior toward one of the Children. [CN 9; 1 RP 4, 15] To the extent Father points to his own beliefs and testimony as support for his position that placement with the grandmother was

necessary and appropriate [MIO 13-14], we note that the district court found Father's testimony to be "generally self-serving and revisionist" and "generally unbelievable and lacking credibility" [3 RP 580]. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that we defer to the district court's determinations, "given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

{5}     In any event, failure to consider an adult relative placement does not provide a basis for overturning the termination of parental rights. *See State ex rel. Child., Youth & Fams. Dep't v. Laura J.*, 2013-NMCA-057, ¶ 56, 301 P.3d 860 (indicating that where the termination of parental rights was supported by clear and convincing evidence, failure to investigate a particular relative for placement did not provide a basis for reversal). Even if we were to assume that pursuit of relative placement could factor into the reasonable efforts analysis, Father fails to explain how any shortcomings in CYFD's placement decisions in this case outweigh CYFD's other efforts. As indicated in our calendar notice, the termination of Father's parental rights was supported by sufficient evidence of a clear and convincing nature. [CN 2-5] Moreover, Children were placed with relatives and Father has failed to identify any inadequacies in that placement. [CN 7-8; 3 RP 593] *See generally Laura J.*, 2013-NMCA-057, ¶ 61 (acknowledging that CYFD is required to locate, identify, and consider relatives with whom Children might be placed); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement).

{6}     We are therefore unpersuaded by Father's assertion that the facts bearing upon the district court's decision would have been any different had CYFD made further efforts to investigate placement with the paternal grandmother. We therefore conclude that Father has not presented a persuasive argument or authority to show that relief is warranted. *See Laura J.*, 2013-NMCA-057, ¶ 57.

{7}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**